John E. MacDonald, Esq. (JM7443)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
3120 Princeton Pike, Suite 301
Lawrenceville, NJ 08648
Telephone: (609) 357-1183
Facsimile: (609) 844-1102
jmacdonald@constangy.com
*Attorneys for Defendant Freedomsoft303, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, SCOTT MALONEY, JUSTYNA MALONEY, and PETER ANDREYEV, <br><br> Plaintiffs, <br><br> v. <br><br> FREEDOMSOFT303, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | (Electronically Filed) <br><br> CIVIL ACTION <br><br> Civil Action No. _____ <br><br> State Dkt. No.: UNN-L-001741-25 |

## NOTICE OF REMOVAL

10949819v1

## D.N.J. LOCAL CIVIL RULE 11.2 STATEMENT

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendant Freedomsoft303, LLC certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

## D.N.J. LOCAL RULE 10.1 STATEMENT

The Plaintiffs in this action are Atlas Data Privacy Corporation, Scott Maloney, Justyna Maloney, and Peter Andreyev.

The address for Atlas Data Privacy Corporation as stated in the Complaint is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

The remaining Plaintiffs' street addresses are unknown to Defendant who is filing this Notice of Removal.

Plaintiffs are represented by Rajiv D. Parikh, Kathleen Barnett Einhorn and Jessica A. Merejo of PEM LAW LLP, 1 Boland Drive, Suite 101, West Orange, NJ 07052, Vito A. Gagliardi, Jr. and Alfred R. Brunetti of PORZIO, BROMBERG & NEWMAN, P. C., 100 Southgate Parkway, Morristown, NJ 07962.

The Defendant in this action is Freedomsoft303, LLC.

Defendant Freedomsoft303, LLC is represented by John E. MacDonald of CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, 3120 Princeton Pike, Suite 301, Lawrenceville, New Jersey 08648.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Freedomsoft303, LLC, by and through its undersigned counsel, Constangy, Brooks, Smith & Prophete, LLP, and pursuant to 28 U.S.C. §

1441, hereby gives notice of the removal of this action from the Superior Court of New Jersey, Law Division, Union County to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

## BACKGROUND

1.  On or about April 30, 2025, Plaintiffs Scott Maloney, Justyna Maloney and Peter Andreyev (collectively, the "Individual Plaintiffs") and Atlas Data Privacy Corporation ("Atlas") (collectively, "the Plaintiffs") filed a Complaint ("The Complaint") against Freedomsoft303, LLC, Richard Roes, 1-10 and ABC Companies 1-10 in the Superior Court of New Jersey, Law Division, Union County (the "Superior Court").

2.  The Complaint was served on the Defendant on or about May 16, 2025. A true and correct copy of all state court process filings, including the Complaint are attached as **Exhibit A.**

3.  In Count I of the Complaint, Plaintiffs assert claims against Defendant for violations of New Jersey's Daniel's Law, N.J.S.A. 47:1A-1, *et seq.,* and N.J.S.A. 56:8-166.1 (hereinafter "Daniel's Law"), based on a claimed failure to timely process requests to not "disclose" their addresses and/or unpublished telephone numbers. *See* Compl., Ex. A, ¶¶ 59–65.

4.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within thirty (30) days of the named Defendant's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Accordingly, this Notice of Removal is timely filed.

5.  As demonstrated below, the case is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) because complete diversity of citizenship exists between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY JURISDICTION

10949819v1

6. Under 28 U.S.C. § 1332, a district court shall have original jurisdiction over a civil action when the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different States. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court. *See* 28 U.S.C. § 1441.

7. The filing of the Notice of Removal in this Court is appropriate because the District of New Jersey is the District where the state court action is pending. *See* 28 U.S.C. §§ 1446(a) and 1441(a).

8. Removal is proper under 28 U.S.C. §§ 1332 and 1441(a) because complete diversity of citizenship exists between Plaintiffs and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

A.  **Diversity of Citizenship**

9. For purposes of determining diversity, a corporation is deemed to be a citizen of (1) any state where it is incorporated and (2) the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

10. Plaintiff Atlas is a Delaware corporation, with its principal place of business at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302. *See* Compl., Ex. A ¶ 19. Atlas is therefore a citizen of the States of New Jersey and Delaware for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

11. For purposes of determining diversity, a natural person is deemed to be a citizen of the state of domicile, which is generally defined as "the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning." 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.). Factors to be considered in determining the state of domicile include a presumption that "that

a person's current residence is also his domicile," "voter registration and voting practices," "place of employment or business," and "as well as several other aspects of human life and activity." *Id.*

12. All of the individual Plaintiffs are citizens of New Jersey. Plaintiffs Scott and Justyna Maloney allege in the Complaint that they are husband and wife police officers who both live in New Jersey. *See* Compl., Ex. A ¶ 18. As active law enforcement officers, Scott and Justyn Maloney's principal residence must be in the State of New Jersey under the New Jersey First Act, N.J.S.A. 52:14-7 (L. 2011, Chapter 70). For the purposes of the New Jersey First Act, "a person may have at most one principal residence, and the state of a person's principal residence means the state (1) where the person spends the majority of the person's nonworking time, and (2) which is most clearly the center of the person's domestic life, and (3) which is designated as the person's legal address and legal residence for voting." *Id.* Accordingly, the Maloneys' compliance with the New Jersey First Act and facts plead show they are citizens of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

13. Plaintiff Peter Andreyev alleges that he is a 33 year veteran of the Point Pleasant, New Jersey police department. *See* Compl., Ex. A ¶ 22. Accordingly, his compliance with the New Jersey First Act and facts plead show he is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

14. Defendant Freedomsoft303, LLC is a Limited Liability Company of the State of Colorado with offices located at 8671 Wolff Ct Ste 250, Westminster, Colorado. Therefore, Freedomsoft303 LLC, Inc. is not a citizen of New Jersey for purposes of 28 U.S.C. § 1332(a)(1).

15. Defendants Richard Roes 1–10 are identified in the Complaint as "fictitious names of currently unknown individuals." Similarly, ABC Companies 1-10 are identified as fictitious names of unknown entities. *See* Compl., Ex. A ¶ 39. As such, their citizenship may be disregarded

for the purposes of removal under binding Third Circuit precedent. 28 U.S.C. § 1441(a); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 37 (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded.")

16. Accordingly, Freedomsoft303, LLC is the only defendant in this case for purposes of removal. There is complete diversity of citizenship between the Plaintiffs and Defendant.

**B.  Amount in Controversy**

17. Where, as here, a plaintiff does not specify an amount in controversy, a defendant can satisfy its burden to establish the amount in controversy by demonstrating that the allegations in the Complaint indicate that it is more likely than not that the amount exceeds $75,000.00. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (where plaintiff makes no specific monetary demand, defendant need only "plausibl[y] alleg[e]" amount in controversy); *accord Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (stating that amount in controversy is measured by "a reasonable reading of the value of the rights being litigated").

18. In Paragraph 24 of the Complaint, Plaintiff Atlas alleges that it asserts claims against Freedom303, LLC on behalf of 21,702 individuals who are "covered persons" ("Covered Persons") under Daniel's Law and assigned their claims to Atlas for alleged violations of Daniel's Law. *See* Ex. A ¶ 24.

19. In the claim for relief (the "Wherefore" provision) following Paragraph 51 of the Complaint, Plaintiffs' request "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'" *See* Ex. A. ¶ 51; N.J.S.A. 56:8-166.1(c)(1). Even assuming each Covered Person asserts just one violation, the amount in controversy for actual damages alone would exceed $21,702,000.

10949819v1

20. While Plaintiffs' Complaint does not expressly seek a specific monetary judgment amount against Freedomsoft303, LLC, it is apparent from the face of the Complaint that the amount in controversy is well in excess of $75,000.00, exclusive of interest and costs. The amount in controversy meets jurisdictional requirements as evidenced by the express language in the Complaint wherein Plaintiffs assert that all Covered Persons and Individual Plaintiffs have suffered individual violations under Daniel's Law and such violations are subject to actual damage awards of "$1,000 for each violation" along with requests for punitive damages, attorneys' fees, interest (pre and post judgment), litigation costs, and injunctive relief.

## ALL OTHER GROUNDS FOR REMOVAL ARE SATISFIED

21. Plaintiffs' Complaint is properly removable to this Court pursuant to 28 U.S.C. § 1441.

22. This case is a civil action within the meaning of 28 U.S.C. § 1441.

23. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The District of New Jersey embraces the Superior Court of New Jersey, Law Division, Monmouth County, the forum in which the action is currently pending.

24. In accordance with 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Freedomsoft303, LLC will give written notice of this Notice of Removal to Plaintiffs. The Defendant will also file a true copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Monmouth County.

## PRESERVATION OF RIGHTS AND DEFENSES

25. By removing this action from the Superior Court of New Jersey, Law Division, Union County, Freedomsoft303, LLC does not waive any defenses available to it.

26. By removing this action from the Superior Court of New Jersey, Law Division, Union County, Freedomsoft303, LLC does not admit any allegation in the Complaint.

27. Freedomsoft303, LLC reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Freedomsoft303, LLC respectfully removes this action to the United States District Court for the District of New Jersey.

Dated: June 10, 2025

                                            Respectfully submitted,

                                            *s/ John E. MacDonald*

                                            John E. MacDonald, Esq. (JM7443)
                                            **CONSTANGY, BROOKS,**
                                            **SMITH & PROPHETE, LLP**
                                            3120 Princeton Pike, Suite 301
                                            Lawrenceville, NJ 08648
                                            Telephone: (609) 357-1183
                                            Facsimile: (609) 844-1102
                                            jmacdonald@constangy.com

                                            *Attorneys for Defendant Freedomsoft303, LLC.*

10949819v1

-9-

## CERTIFICATE OF SERVICE

      I hereby certify that on June 10, 2025, the foregoing was filed electronically. Notice of this filing will be sent to the below listed attorneys of record by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

**PEM LAW LLP**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
Jessica A. Merejo (288592020)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

**PORZIO, BROMBERG & NEWMAN, PC**
Vito A. Gagliardi, Jr. (024821989)
Alfred R. Brunetti (028212002)
Sarah A. Wisniewski (434562023)
100 Southgate Parkway
Morristown, New Jersey 07962-1997
Tel.: (973) 538-4006
Fax: (973) 538-5146
vagagliardi@pbnlaw.com
arbrunetti@pbnlaw.com
sawisniewski@pbnlaw.com

*Attorneys for Plaintiffs Atlas Data Privacy Corporation,*
*As assignee of individuals who are Covered Persons,*
*Scott Maloney, Justyna Maloney, and Peter Andreyev.*

                                                  /s/ *John E. MacDonald*
                                                  John E. MacDonald

10949819v1