CONSTANGY
Brooks Smith & Prophete

John MacDonald, Partner & Office Head
Cybersecurity & Data Privacy Team
3120 Princeton Pike, Suite 301
Lawrenceville, NJ 08648
jmacdonald@constangy.com
Telephone: (609) 357-1183
Mobile: (609) 558-4201

November 13, 2026

**VIA ECF**
Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**Re:** ***In re Daniel's Law Compliance Litigation Response to Plaintiffs' November 11, 2026 Deficiency Letters***
**Docket No. 25 -9224 (FreedomSoft303)**

Dear Judge Bartle:

On behalf of Defendant FreedomSoft303, LLC ("FreedomSoft"), we write in response to Plaintiffs' November 10, 2026 letter (Dkt. No. 62), which attempts to circumvent the process the Court Ordered with regard to the progression of discovery, without mention of Plaintiffs' "gamesmanship" from their own responses. Because Plaintiffs elected to file an omnibus style letter (rather than meet and confer as ordered by the Court (Dkt. No. 59), for brevity, FreedomSoft responds here only to the portions of Plaintiffs' letter specifically addressing FreedomSoft, followed by a brief highlight of Plaintiffs' "gamesmanship" which FreeedomSoft suggest bears directly on Plaintiffs' current request.

- ***Numerosity Objection*** (page 4): Plaintiffs identified certain other Defendants' counting methods and are are "most troubl[ed]" by the timing of the assertion of the objection. For its part, FreedomSoft appears to have given Plaintiffs the most latitude and notes that Plaintiffs were "unable to resolve" the same objections raised by other Defendants who reached out prior to serving responses. (Dkt. No. 62 at 4, n.5). FreedomSoft did not read the Court's Order as requiring a meet-and-confer before serving responses, which were still being finalized as of the November 3, date of service. See (Dkt. No. 59 at 9-10, items 4-6) (ordering parties to serve objections and responses by November 3 (item 4), state objections with specificity (item 5) and "***thereafter*** [ ] meet and confer with respect to any objections or inadequate responses…) (emphasis added).

- Plaintiffs only complain about FreedomSoft's numerosity objection. Plaintiffs identify no issues with FreedomSoft's Responses to Plaintiffs' Requests for Production of Documents despite attaching them to their current letter filing.

**Plaintiffs' Discovery Deficiencies Tied To their Letter Request**

FreedomSoft does not suggest or request any particular order at this time with respect to Plaintiffs' deficiencies and is the process of delivering its Rule 37 letter that tracks the Court's Order, the Federal Rules and Local Rule 37.1's meet and confer requirements and included a great deal more than the two items noted below. Rather, FreedomSoft provides the following context that Plaintiff omitted, while trying to skirt the Court's Order and which bear directly on the complaints in their letter.

- Plaintiffs produced approximately 434,00 pages of documents and made references throughout their responses to the documents generally, but "without identifying the documents bates number" or with "sufficient detail to enable [Freedomsoft] to be able "to locate and identify them as readily as the responding party could." See (Plaintiffs' letter at 5, quoting FRCP 33). The RFP responses suffer the same defect and provide the same 434,000 page document dump without reference to where any specific item or document can be located within the production. (**Exhibits A and B**).

- Across the coordinated interrogatories, coordinated requests for production of documents, and the additional interrogatories and requests for production from Defendant FreedomSoft, Plaintiffs made various objections, did not provide answers, and stated they would "meet and confer" or to "produce" documents after a meet a confer – which the opposite approach from the letter they filed on November 10. More than half of the 55 authorized requests receive this treatment. ***See*** **Exhibit A & B**).

In sum, Plaintiffs' request for an order enforcing the Court's September 9, 2026, Discovery Order, that requests overruling various and differently situated Defendants' objections without following the orderly process the Court and Local Rules require is improper. Freedomsoft303 requests the Court deny Plaintiffs' current letter request, pending resolution of the process the Court laid out for all parties in the September 9th Order.

Respectfully submitted,

*/s/ John E. MacDonald*

John E. MacDonald
Partner & Office Head, Cybersecurity & Data Privacy Team